United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUNTRELL BROOKS,

Plaintiff,

v.

THE GEO GROUP, INC.,

Defendant.

Case No. 18-cv-04578-DMR

**ORDER TO SHOW CAUSE; ORDER VACATING JULY 11, 2019 HEARING AND CASE MANAGEMENT CONFERENCE**

Plaintiff Auntrell Brooks filed this action against Defendant The GEO Group Inc. in the Superior Court of Alameda County on June 20, 2018. On July 27, 2018, Defendant removed the action pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [Docket No. 1 (Notice of Removal) ¶ 4.] Plaintiff subsequently filed a motion to amend the complaint to join Reginald Peterson and Matthew Lange as defendants and to remand this action to state court, which is set for hearing on July 11, 2019. [Docket No. 38.]

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004) (citing 28 U.S.C. § 1447). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Id.*

Having reviewed Plaintiff's motion and the record in this case, the court determines that it is not clear that the court has subject matter jurisdiction over this action. A district court has diversity jurisdiction where the matter is between "citizens of different States" and the amount in

controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). In its notice of removal, Defendant avers that it is a citizen of Florida. It also states that "Plaintiff and his counsel are located in California," which is apparently a reference to Plaintiff's residence, but Defendant does not allege Plaintiff's citizenship. Notice of Removal ¶ 4. A natural person's state citizenship is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (internal citation omitted). The removal notice here fails to allege the domicile of Plaintiff for diversity purposes. Therefore, by no later than July 19, 2019, Defendant must show cause in writing why the removal is proper by addressing the question of Plaintiff's citizenship for purposes of diversity jurisdiction.

The July 11, 2019 hearing on Plaintiff's motion is VACATED and the case management conference is CONTINUED to July 31, 2019 at 1:30 p.m. The parties' joint case management statement is due by July 24, 2019. The court notes that on July 2, 2019, the parties filed a stipulation attempting to change a number of case management dates without first consulting the court, including the dispositive motion hearing date and the trial date. [Docket No. 46.] The court denied the request in part on that basis. [Docket No. 47.] The court intends to re-examine the case schedule at the July 31, 2019 case management conference. The parties must address any request to continue other deadlines in the joint case management statement.

**IT IS SO ORDERED.**

Dated: July 5, 2019



Donna M. Ryu
United States Magistrate Judge

2