UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUNTRELL BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant. | Case No. 18-cv-04578-DMR<br><br>**ORDER GRANTING MOTION TO AMEND AND REMANDING CASE TO ALAMEDA COUNTY SUPERIOR COURT**<br><br>Re: Dkt. No. 38 |

Plaintiff Auntrell Brooks moves for leave to file a first amended complaint ("FAC") adding two new defendants, and to remand this action in the event the court grants him leave to amend. [Docket No. 38.] The court held a hearing on July 31, 2019, and ordered Brooks to file a new proposed FAC that includes citizenship allegations for the two proposed defendants, which Brooks timely filed. [Docket Nos. 55, 57 (Proposed FAC).] For the following reasons, the motion is granted and this matter is remanded to Alameda County Superior Court.

## I. BACKGROUND

Brooks, a citizen of California (*see* Docket No. 57), filed this action against Defendant The Geo Group, Inc. dba GEO California, Inc. ("GEO") and Does 1-60 in Alameda County Superior Court on June 20, 2018, alleging claims for premises liability and negligence. Brooks alleges that on June 25, 2016 he was injured at a residential facility in Oakland, California operated by GEO ("the premises"). *See generally* Compl. GEO, which is headquartered in Florida, removed the action pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

At the time he filed the complaint, Brooks did not know the names of the GEO employees and/or agents responsible for overseeing and maintaining the premises on the date of the incident. [Docket No. 38 (Vaysberg Decl., May 24, 2019) ¶ 4.] Therefore, he named several Doe defendants. *Id.*; *see also* Compl. ¶ 1. In the course of his investigation and discovery in this case,

Brooks's counsel learned the names of the two GEO agents that Brooks contends were negligent. Vaysberg Decl. ¶ 5. Both individuals, Matthew Lange and Reginald Peterson, are citizens of California. [*See* Docket No. 57; Proposed FAC ¶¶ 5, 6.] Brooks alleges that on the date of the incident, Lange was the Facility Director and Peterson was responsible for maintenance and cleaning at the premises. Proposed FAC ¶¶ 8, 9.

Brooks moves to join Lange and Peterson as defendants for his negligence claim. He argues that Lange and Peterson are necessary parties under Rule 19(a) "as they are joint tortfeasors who were active participants in the allegations that are critical to the disposition of the important issues of this case." Mot. 5. In the event that the court grants Brooks's motion for leave to amend the complaint to add Lange and Peterson, he also moves to remand this action on the ground that diversity jurisdiction no longer exists due to the joinder of Lange and Peterson.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has diversity jurisdiction where the parties are "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court has discretion to deny joinder, or permit joinder and remand the case to state court. 28 U.S.C. § 1447(e); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When determining whether to permit joinder under Section 1447(e), courts generally consider the following six factors: 1) whether the party plaintiff seeks to join is needed for just adjudication and would be subject to joinder under Federal Rule of Civil Procedure 19(a); 2) whether the statute of limitations would preclude an action against the new defendants in state court if the court denied joinder; 3) whether there has been unexplained delay in seeking joinder; 4) whether joinder is sought solely to defeat diversity jurisdiction; 5) whether the claim(s) against the new party appears valid; and 6) whether denial of joinder will prejudice the plaintiff. *IBC*

2

*Aviation Servs., Inc. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citations omitted).

## III. DISCUSSION

GEO argues that the court should deny joinder of Lange and Peterson because they are not necessary for just adjudication of the case. It also argues that Brooks seeks to join the two individuals as defendants solely to defeat diversity jurisdiction.

### A. Joinder Under Rule 19(a)

Rule 19(a) governs joinder of necessary parties. It requires joinder of persons whose absence would preclude the grant of complete relief, impede their ability to protect their interests, or subject a party to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a)(1). "Although courts consider whether a party would meet [Rule] 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule] 19." *IBC*, 125 F. Supp. 2d at 1011-12. "Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id*.

Here, Brooks alleges that Lange "was responsible for overseeing the Premises and protecting residents from dangerous conditions," and that Peterson "was responsible for maintenance of and overseeing cleaning of the location of the incident on the Premises at the time of the incident." Proposed FAC ¶¶ 8, 9. He alleges that Lange, Peterson, and GEO, "had a legal duty of care to Plaintiff to keep the Premises safe for entry and/or use by Plaintiff, to give adequate warning of hazardous conditions, uses of, structures, or activities on said Premises to Plaintiff at the time of entry or use of said Premises, and to avoid causing injury or harm to Plaintiff as herein alleged." *Id*. at ¶ 17. Brooks alleges that "Defendants created an unsafe condition by washing carpet where the incident occurred," because "[t]he metal nosing at the top landing [of the stairway at issue] was slippery when wet and was wet at the time of the incident" and "[t]he handrail did not extend to or beyond the top riser" in violation of the applicable building code. *Id*. at ¶ 19. Further, Defendants did not adequately cordon off the area or use "caution signage." *Id*. Based on these allegations, the court finds that Lange and Peterson are

more than "tangentially related" to the negligence claim.

GEO argues that Lange and Peterson are not necessary parties, asserting that Brooks can obtain complete relief without them. It asserts that "[c]laims of premises liability and negligence are routinely brought against private corporations, and an individual is not needed," and that "GEO is vicariously liable for the torts of its employees[.]" Opp'n 1, 3.

"Under the California doctrine of respondeat superior, an employer may be held liable for the tortious acts of its employees when they are acting within the scope of their employment." *Randolph v. Budget Rent-A-Car*, 97 F.3d 319, 327 (9th Cir. 1996) (citations omitted). "An employee is acting within the scope of his or her employment if either one of two conditions is met: (1) the act performed was either required or incident to her duties, or (2) the employee's misconduct could be reasonably foreseen by the employer." *Id*. (citations omitted). Here, notwithstanding GEO's conclusory statement that it is vicariously liable for its employees' torts, GEO offers no concession or stipulation that Lange and Peterson satisfy either prong of the test for respondeat superior liability. Accordingly, Brooks's negligence claims against Lange and Peterson are not foreclosed as a matter of law at this point in the litigation. Further, Brooks seeks to join the individuals whose conduct may impose liability on GEO for negligence. Denying joinder and forcing Brooks to file a separate action against Lange and Peterson would be redundant and could lead to inconsistent results and obligations. Accordingly, this factor weighs in favor of joinder.

**B.     Statute of Limitations**

Neither party addresses whether the statute of limitations would preclude a separate action against Lange and Peterson. Accordingly, this factor is neutral.

**C.     The Remaining Factors**

The court finds that the remaining factors weigh in favor of joinder of Lange and Peterson. First, as to any delay in moving for joinder, Brooks asserts that he did not know Lange's identity until he began undertaking investigatory efforts to prepare for his initial disclosures. He did not learn Peterson's name until Lange's deposition on April 25, 2019. Vaysberg Decl. ¶ 5. He filed the present motion one month later, on May 24, 2019. The court finds that there has not been

4

undue delay in moving to join Lange and Peterson as defendants.

As to Brooks's motive in seeking joinder, GEO contends that Brooks's amendment is an "attempt to ruin diversity and require a remand." Opp'n 1, 3. GEO offers no support for this contention, and the court finds nothing in the record indicating that Brooks seeks to join Lange and Peterson for an improper purpose. Next, the negligence claims against Lange and Peterson appear valid, and GEO does not argue that the proposed FAC fails to state a claim for negligence against either proposed defendant. Finally, denying joinder would prejudice Brooks, as it would force him to choose between forgoing claims for negligence against Lange and Peterson or pursue redundant litigation arising out of the same facts in state court, risking inconsistent results.

Weighing the six factors, the court concludes that joinder of Lange and Peterson is warranted.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Brooks's motion to amend the complaint and remands this action to Alameda County Superior Court. Counsel's motion to withdraw as counsel (Docket No. 59) is denied as moot. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: September 12, 2019



Donna M. Ryu
United States Magistrate Judge

5